Nicholas Ranallo (SBN 51439)
Of Counsel – Mavronicolas Law Group
5058 57th Ave. S.
Seattle, WA 98118
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email: nranallo@mavrolaw.com
Attorney for Plaintiff Barton Silverman

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **Mr. Barton Silverman**<br><br>Plaintiff,<br><br>v.<br><br>**Getty Images, Inc.**<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**TRIAL BY JURY DEMANDED** |

Plaintiff Mr. Barton Silverman ("Plaintiff" or "Mr. Silverman"), by and through its attorneys, bring this action against Getty Images, Inc. ("Defendant" or "GETTY"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for direct copyright infringement, contributory copyright infringement, the distribution of false Copyright Management Information, the alteration or removal of Copyright Management Information, false designation of origin, false advertising, and unjust enrichment. Plaintiff brings this action in response to the knowingly unauthorized uses of Plaintiff's original, copyrighted photographs by the defendant without Plaintiff's knowledge or consent.

# PARTIES

2. Plaintiff Barton Silverman is an individual, over the age of 18, presently residing in Long Island, New York.

3. GETTY is a Delaware corporation with a principal place of business in Seattle, Washington.

# JURISDICTION AND VENUE

4. This is a suit for copyright infringement pursuant to 17 U.S.C. §101 et seq (the "Copyright Act").

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338.

6. The Court has personal jurisdiction over Defendant as Defendant's principal place of business is within the State of Washington and this federal judicial district and a substantial portion of the events or omissions giving rise to this suit occurred in the State and this District.

7. Venue is appropriate in this district pursuant to 28 U.S.C. 1400(a) on the basis that Defendant Getty Images, Inc. resides or may be found in the District.

# BACKGROUND FACTS

8. Plaintiff is a well-known sports photographer for over five decades who is admired and celebrated for his artistic images of some of the best moments in sports. He is also the author of three books, a contributor to over 100 hundred books, and his photographs have appeared in Sports Illustrated, the New York Times, Life, Look, Time, Newsweek, American Photo and the Sunday Evening Post. His work is also in the permanent collection of the Museum of Modern Art and the Hague Museum.

9. Mr. Silverman's photographic archive includes a photograph of Joe Namath that is registered with the U.S. Copyright Office under registration number VA-0000767105 (the "Namath

Photo" or the "Namath Photograph"). A copy of the relevant registration information from the Copyright Office website is annexed hereto as Exhibit A. A copy of the Namath Photo is annexed hereto as Exhibit B.

10. Mr. Silverman's photographic archive likewise includes a series of previously unpublished photos (collectively, the "Unpublished Photos") registered with the U.S. Copyright Office under the registration number VAu 1-418-693. A copy of the relevant registration certificate is annexed hereto as Exhibit C.

11. The Unpublished Photos include three photographs relevant to the instant suit (the "Nevin Photo," the "Rangers Photo," and the "Howell Photo"). A copy of each of the relevant works are annexed hereto as Exhibit D.

12. Mr. Silverman sells print versions of his copyrighted photographs.

13. Mr. Silverman recently became aware of unauthorized uses of the Namath Photo and the Unpublished Photos by Defendant. Since this discovery he has learned that the relevant works appear thousands of times around the internet, most often with the byline, "Getty Images", "Getty" or some derivative thereof.

14. The Namath Photo was also publicly displayed on the GETTY website available at www.gettyimages.com. A true and correct copy of the Namath Photo, as used on the GETTY website is annexed hereto as Exhibit E.

15. The Unpublished Photos were also publicly displayed on the GETTY website available at www.gettymages.com. True and correct copies of the Unpublished Photos, as used on the GETTY website is annexed hereto as Exhibit F.

16. On information and belief, the Defendant has licensed the Namath Photo and the Unpublished Photos to other unknown third parties, without the knowledge or authorization of Plaintiff.

17. On information and belief, Defendant has also knowingly and intentionally misattributed authorship of the Namath Photo and the Unpublished Photos to Defendant and to a different photographer.

18. Defendant has reproduced, distributed, and publicly displayed the Namath Photo and the Unpublished Photos without knowledge or authorization from Plaintiff.

19. On information and belief, Defendant had knowledge of Plaintiff's status as the author of the Namath Photo and the Unpublished Photos and was on notice of prior uses of the Namath Photo and the Unpublished Photos which contained Copyright Management Information ("CMI") as defined under 17 U.S.C. § 1202(c).

20. Defendant failed to include such CMI when licensing, distributing, and publicly displaying the Namath Photo and the Unpublished Photos, and instead misattributed the origin of the works to various individuals or entities other than Plaintiff.

21. The actions of Defendant have deprived Mr. Silverman of substantial revenue and have caused Mr. Silverman significant monetary, commercial, and reputational harm.  Mr. Silverman brings this action to recover its damages and to put an end to Defendants' unlawful acts.

22. Mr. Silverman now brings this action to enforce his intellectual property rights in the Namath Photograph and the Unpublished Photos, to enjoin Defendants from further exploitation of the works, and to recover his monetary damages, costs, and attorneys' fees flowing from the unauthorized uses of the Namath Photo and the Unpublished Photos.

**FIRST CLAIM FOR RELIEF**

**Direct Copyright Infringement – 17 USC 101 et seq**

23. Plaintiff repeats the allegations of paragraphs 1 - 22 and incorporates each as though fully set forth herein.

24. The Namath Photo and the Unpublished Photographs are original, copyrightable works. Mr. Silverman has complied in all respects with 17 U.S.C. § 101, et seq., and secured the exclusive rights in and ownership of the Namath Photo and the Unpublished Photos.

25. Plaintiff registered the Namath Photo as part of a larger work titled "Capturing the moment: The Sports Photography of Barton Silverman / introd. by Dave Anderson: with contributions by Ira Berkow, Neil Amdur, and Mark Bussell" and received from the U.S. Copyright Office Reg. No. VA0000767105 with an effective date of February 7, 1997.

26. The registration identified in Paragraph 25 includes the Namath Photo.

27. Plaintiff has received a registration for the Unpublished Photos via Reg. No. VAu 1-418-693, including the works at issue herein.

28. The actions set forth herein violate Plaintiff's exclusive rights in the Namath Photo and the Unpublished Photos under the Copyright Act.

29. Upon information and belief, the infringements set forth herein were committed willfully and intentionally within the meaning of the Copyright Act.

30. As a direct and proximate result of the infringements set forth herein, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

31. As a direct and proximate result of the copyright infringement detailed herein, Defendant has gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

32. Mr. Silverman has no adequate remedy at law to protect his rights in the Photograph and to prevent Defendant from continuing to infringe the works at issue and further injuring Barton. To the extent that the infringement detailed herein persists, Mr. Silverman will continue to suffer irreparable injury from Defendant and its conduct as alleged.

## SECOND CAUSE OF ACTION

### Violation of DMCA Sec. 1202(a)

33. Mr. Silverman incorporates by reference and realleges the allegations contained in Paragraphs 1 through 32 inclusive, as though fully set forth herein.

34. The copyright in the Namath Photo and the Unpublished Photos are owned exclusively by Barton.

35. Defendant knew or should have known that Mr. Silverman was the author of the relevant works.

36. Despite having this knowledge, Defendant distributed false authorship and ownership information in connection with the Namath Photo and the Unpublished Photos.

37. On information and belief, Defendant has done so knowing, or with reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal copyright infringement with respect to the Namath Photo and the Unpublished Photos.

38. Mr. Silverman has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

39. Defendant has gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

40. Mr. Silverman is entitled to recover from Defendant its actual damages and any additional profits not taken into account in computing their actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

41. In the alternative, and at its election, Mr. Silverman is entitled to recover from Defendant, for each and every violation of 17 U.S.C. § 1202(a), the extent of which is unknown at present and which will be proven at trial, statutory damages of up to $25,000 per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

42. To the extent that the acts complained of herein persist, Mr. Silverman is entitled to temporary and permanent injunctive relief to prevent or restrain further violations of 17 U.S.C. § 1202(a), pursuant to 17 U.S.C. § 1203(b)(1).

### THIRD CAUSE OF ACTION

**False Designation of Origin, Lanham Act 15 U.S.C. §1125(a)(1)(A)**

43. Mr. Silverman incorporates by reference and realleges the allegations contained in Paragraphs 1 through 42, inclusive, as though fully set forth herein.

44. Plaintiff is the author of the Namath Photo, the Unpublished Photo, and the holder of all rights accruing as a result of his authorship.

45. Defendants knew or should have known that Mr. Silverman was the source for the Namath Photo and the Unpublished Photos, and the author of the respective works.

46. Despite this knowledge, Defendant misattributed the ownership of the Namath Photo and the Unpublished Photos, and offered copies of each for licensing or sale.

47. Defendant falsely credited and represented that the source or owner of the relevant works was variously "Getty Images", "B. Bennett," "Getty Images Sports Classic" and "Bruce Bennett Studios/Getty Images," among other incorrect notations.

48. Defendant has falsely represented the origin of the Namath Photo and the Unpublished Photos by attributing ownership or administration of licensing rights to, inter alia, the individuals and entities identified in Paragraph 47 in connection with the public display, publication, licensing, and distribution of the works at issue herein.

49. Defendant has inserted the Namath Photo and the Unpublished Photos into the stream of interstate commerce by publicly displaying, distributing, and licensing the relevant works for commercial gain throughout the United States.

50. The actions complained of herein are likely to cause confusion or mistake, or to deceive the public as to the affiliation, connection, or association of the Defendant with Mr. Silverman in connection with the Photograph.

51. The actions complained of are likely to cause confusion or mistake, or to deceive the public as to the origin or sponsorship of the Namath Photo and the Unpublished Photos as well as the approval or use of the relevant works.

52. The conduct of Defendant was willful and deliberate.

53. Plaintiff has suffered monetary damages as a result of Defendant's actions.

54. As a direct and proximate result of the misleading and deceptive conduct of Defendants, Defendants have gained and/or will gain substantial profits in an amount presently unknown and to be determined at trial.

55. The conduct complained of herein constitutes an exceptional case, and Plaintiff is therefore entitled to recover their actual damages, the profits gained by Defendants, and Plaintiff's costs of suit, including attorney fees, pursuant to 15 U.S.C. §1117(a).

## DEMAND FOR JURY TRIAL

56. Plaintiff demands a trial by jury of any and all causes of action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. For a preliminary and permanent injunction enjoining Defendant, their respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; their respective divisions, such divisions' respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; and those in privity with or in active concert or participation with any of them

who receive actual notice of the judgment by personal service or otherwise from any further acts of copyright infringement, the distribution of false Copyright Management Information, and violations of the Lanham Act.

b. For an award of actual and/or statutory damages at the election of Plaintiff, in accordance with the Copyright Act and DMCA;

c. For an award of actual damages and Defendant's profits, in accordance with the Lanham Act;

d. For costs of this lawsuit;

e. For their attorneys' fees;

f. For interest as allowed by law; and

g. For such other relief as the Court deems just and proper.

Dated: March 25, 2021                                   Respectfully submitted,

                                                        *s/ Nicholas Ranallo*
                                                        Nicholas Ranallo (SBN 51439)
                                                        Of Counsel - Mavronicolas Law Group PLLC
                                                        5058 57th Ave. S.
                                                        Seattle, WA 98118
                                                        Telephone No.: (831) 607-9229
                                                        Fax No.: (831) 533-5073
                                                        Email: nranallo@mavrolaw.com